UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HEATHER STICHT | : | |
|     *Plaintiff*, | : | |
| | : | |
| V. | : | Civil Action No.: 3:20-cv-01550 (VAB) |
| | : | |
| | : | |
| WELLS FARGO BANK, N.A., | : | |
|     *Defendant.* | : | May 5, 2023 |

## PLAINTIFF'S FURTHER BRIEF RE DISCOVERY

Footnote six of the Court's Order of February 24, 2023, DE # 92, directed the parties to meet and confer regarding the production of Wells Fargo employee deposition transcripts that were not already produced as part of the Court's order. The footnote reads as follows:

> Ms. Sticht requests deposition transcripts for seven Wells Fargo employees that the plaintiffs in Hernandez deposed. See Request 2. To the extent that those transcripts are "included or excerpted" in the declaration of Michael Schrag, Request 2 is duplicative, as the production of those transcripts would be required as part of Request 1. To the extent that those transcripts are not included in Request 1, the parties are directed to meet and confer regarding their production. The parties may request the Court's intervention, if they are unable to resolve any dispute that arises with respect to those transcripts.

Plaintiff anticipated possible relevancy objections to such matters as the circumstances of specific class members in *Hernandez,* but Wells Fargo's objection is different, and broader: Wells Fargo's position is that "Plaintiff has not articulated a basis as to why additional Wells Fargo employee deposition transcripts from the Hernandez action are proportional to the needs of the case in light of the fact that she still seeks a 30(b)(6) deposition in this case."[1] Parties'

---

[1] Wells Fargo also objects to producing deposition videos. Plaintiff will therefore withdraw that request for now and will renew it as relevant at the time of trial. Wells Fargo also objects to the scope of the 30(b)(6) deposition that Plaintiff has proposed. That objection is addressed below.

Joint Submission Requesting a Conference, DE #95. With respect, this is not a reasonable position.

Proportionality relates to burdensomeness, and the burden of producing the transcripts would be virtually zero. It is of course true that we do not now know what the other *Hernandez* deponents said in their depositions, but there is no reason to believe that except for information about specific *Hernandez* class members (conspicuously, not the basis of Wells Fargo's objection) it is any less relevant to this case than to *Hernandez*. And production of depositions already taken will undoubtedly help streamline a 30(b)(6) deposition in this case – the only deposition Plaintiff now seeks except for the deposition of Mr. Gomez, the point of contact with Ms. Sticht. The whole point of Plaintiff's requests is to allow Plaintiff to rely on what has already been done in *Hernandez* in order to avoid wasting everyone's time with repetitious discovery.

We will briefly address the issue of the scope of a 30(b)(6) deposition because it was discussed by the parties and referred to in the joint submission.[2] Plaintiff has offered to "limit the scope of any further deposition or depositions to information bearing on Wells Fargo's decision to bring a foreclosure action against Ms. Sticht and, subsequently, to a) send her an apology letter and payment, b) offer to mediate, and c) agree to a short sale." DE#95 at 1. The appropriateness of this focus seems self-evident to us; we will respond to Wells Fargo's objections.

---

[2] Addressing the scope of a 30(b)(6) deposition is strictly speaking premature in light of the Court's ruling, *see id.* at 12-13 (Plaintiff may reformulate her deposition notice after receiving the court-ordered document production), but we are eager to make progress and invite the Court's guidance and instructions. Likewise, in order to keep the ball rolling we agree not to depose Ms. Mary Coffin, *see id.* at 12.

Wells Fargo says:

> In addition, the 30(b)(6) deposition topics Plaintiff is proposing are not sufficiently limited to alleviate burden concerns, in light of the deposition transcripts Plaintiff has already received, including the 30(b)(6) deposition transcript from the Hernandez action, and the further production of materials from the Hernandez action Plaintiff is seeking from Defendant.

But the proposed 30(b)(6) deposition would focus on how and why Wells Fargo's practices and policies were applied *in the case of Ms. Sticht*. Exploration of the range of interactions Wells Fargo had with various regulators, for example, was the subject of the *Hernandez* depositions and document production and would not need to be repeated. The deposition could be completed in one day.

## CONCLUSION

Plaintiffs' counsel in *Hernandez* reported spending 4,000 hours on the case, *see Hernandez* Doc. # 138, and those efforts were no doubt matched by Wells Fargo. Here, the proposed additional steps, together with what the Court has ordered, *see* DE#92, will allow this case to benefit from those efforts – which were no doubt matched by Wells Fargo – and to proceed efficiently.

PLAINTIFF

By /s/ David N. Rosen
David N. Rosen ct00196
David Rosen & Associates, P.C.
400 Orange Street
New Haven, CT 06511
(203) 787-3513
(203) 787-1605 fax
drosen@davidrosenlaw.com